No. 34,414

BESSIE MAUCK, *Appellant,* v. THE GREAT AMERICAN LIFE INSURANCE COMPANY, *Appellee.*

(95 P. 2d 325)

Opinion filed November 10, 1939.

*Don Shaffer* and *Charles Rauh,* both of Hutchinson, for the appellant.

*Roy C. Davis, Warren H. White, Frank S. Hodge, William H. Vernon, Jr.,* and *Eugene A. White,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

HOCH, J.: This was an action by the beneficiary named in a life insurance policy to recover under the policy upon the death of the insured. A demurrer to the petition was sustained, and the plaintiff appeals.

The question presented is whether in spite of default in payment of premium the policy was still in force through failure of the company to send the notice of intention to cancel the policy as provided in the statute. More specifically, the question is whether the terms of a new agreement for extension of time made between the company and the insured, subsequent to the date when the premium became due and payable, are controlling as against the statutory requirement of notice to cancel.

An annual premium of $40.01 fell due on May 7, 1938, and was unpaid. On May 9 the company sent notice calling attention to the unpaid premium and stating that unless payment were made according to the terms of the policy the policy would be canceled. The policy provided for a thirty-day period of grace which would give the insured until June 7 to make payment. On May 10 the insured made remittance of $10.01 as partial payment. The company acknowledged receipt and submitted for execution a promissory note for $30.01 and a new agreement. The insured did not immediately return the note and agreement, and on June 27 the company again wrote him, stating that the matter would have to be attended to at once. On July 2 the signed note and agreement were returned. In the new contract the company agreed to accept the note and partial payment as a premium payment, provided the note were paid not later than July 7, and the insured agreed that if the note was not paid by July 7 the policy would lapse, that the company should retain the partial payment as part compensation for

the privileges granted under the agreement, and further agreed that the company had given all notices required and that in further compensation for the extension of time for payment the insured waived any other notice in respect to the premium or the note. No further payment was made and the insured died on July 13.

The appellant contends that the notice sent by the company of May 9, two days after the thirty-day period of grace began to run, did not comply with the statutory requirement as to notice; that therefore under the statute the policy was automatically continued in effect for six months, or until November 7, and that the new agreement did not and could not set aside the statutory requirement as to prior notice. In support of that contention appellant relies principally upon the holding of this court in the case of *Wegner v. Federal Reserve Life Ins. Co.*, 130 Kan. 600, 287 Pac. 591. In that case the court had under consideration G. S. 1935, 40-410 and 40-411, which deal with the matter of cancellation of policies for nonpayment of premium and the necessity of notice of intention to cancel. Section 40-411 contains two provisions with reference to the necessity of notice. The first provision as to notice is apparently intended to apply specifically to cases where the policy itself does not provide for a thirty-day period of grace. In such cases the company, in order to cancel the policy for nonpayment, must send a notice that the premium, stating the amount thereof, is due and unpaid and that it is the intention of the company to forfeit or cancel the policy for such nonpayment, and the insured has thirty days thereafter within which to make payment. The other provision as to notice relates to the case of policies which by their terms provide for a grace period of not less than thirty days, and it is provided that such notice must be sent "not more than thirty days prior to the date specified in such policy when any premium will become due and payable without grace." In the Wegner case it was held that in the case of policies which by their terms provide for the grace period a notice sent after the beginning of the grace period does not comply with the statute. Since the policy involved in the instant case had a provision for the thirty-day period of grace, we agree with appellant that the decision in the Wegner case is controlling and the notice sent on May 9 was ineffectual.

The question remaining, however, and the real question in this case, is whether the terms of the new agreement, made after the premium became due and payable, are controlling in spite of the fact that the prior notice did not strictly comply with the statute.

Appellee relied in the trial court and relies here principally upon the holding of this court in the case of *Brown v. Illinois Bankers Life Assur. Co.*, 144 Kan. 670, 63 P. 2d 165, which was followed in *Hildyard v. Mutual Life Ins. Co.*, 145 Kan. 197, 64 P. 2d 7, and in *McMonagle v. Fidelity Mut. Life Ins. Co.*, 145 Kan. 816, 67 P. 2d 601. In those cases the court gave consideration to the force and effect of G. S. 1935, 40-416, which provides that a life insurance company may enter into subsequent agreements in writing with the insured for extension of time for payment of premium upon condition that failure to comply with the terms of the new agreement shall lapse the policy as provided in the agreement. It is unnecessary to quote at length from the opinions in those cases, where the question was fully considered. It was there held that the terms of the new agreement were controlling and that there was no requirement of formal notice of intention to cancel the policy when default had been made in payment as agreed upon in the subsequent agreement. Appellant urges that the cases there considered are to be distinguished from the case at bar for the principal reason that in those cases the prior statutory notices had been sent before the new agreement was made, while in the instant case the statute had not been so complied with. While it is true that in the three cases, *supra,* the notice required by the statute had been sent prior to the making of the subsequent agreement, we find no substantial reason for saying that the holding in those cases is not applicable to the instant case. The essential holding of those cases was that G. S. 1935, 40-416, enacted subsequent to the enactment of the other sections dealing with notice, gave specific authority to make subsequent agreements extending time for payment of premium with the condition that failure to comply with the terms of the agreement should lapse the policy as provided in the agreement. The reasoning advanced in support of that view applies with equal force to the instant case. While the notice sent, in the instant case, was ineffectual under the statute because sent two days after the grace period began— although it apprised the insured of the company's intention to cancel if payment were not made as provided—this fact did not prevent the company and the insured from making a new contract for extension of time for payment. To hold otherwise would be to impose a limitation upon the power to make the subsequent agreement, which section 40-416 itself does not contain. It was held in the three cases, *supra,* that the company and the insured, having the

right, under section 40-416, to make the new agreement, the provisions therein contained must be given effect. In *Brown v. Illinois Bankers Life Assur. Co.*, supra, the court said:

"It must be assumed the legislature knew of the former statutes providing for grace periods and notices of forfeiture. When it framed the 1927 insurance code it retained in amended form the forfeiture provisions, R. S. 1933 Supp. 40-410 and 40-411. It went further, however, and made provision for a contract to supplement all of these provisions, and hence we now have R. S. 1933 Supp. 40-416. It expressly provides the condition upon which a subsequent agreement may be made, to wit:

" '. . . upon condition that failure to comply with the terms of such agreement shall lapse the policy as *provided in said agreement.*' (Italics inserted.)

"This statute either means what it says or it means nothing. It does not say 'shall lapse the policy *as provided by the policy,*' or 'shall be forfeited *as provided by previous sections of this act,*' but it expressly says, 'shall lapse the policy as provided in said agreement.' Now, this subsequent agreement gave insured thirty days, in addition to the grace period allowed in the policy. We cannot now arbitrarily brush aside the later enactment providing for subsequent agreements and also the extension agreement made pursuant thereto, as constituting futile gestures." (p. 675.)

Appellee calls attention to the provision in section 40-416, which reads as follows: "said agreement shall not impair any right existing under the policy," and contends that this includes the right to an automatic extension of the life of the policy for six months through failure of the company to send the prior notice in strict compliance with the statute. We cannot agree with that view. To so interpret and apply the language quoted would nullify preceding provisions of the section. Whatever substantive rights under the policy the limitation may refer to, it obviously does not preclude an agreement specifically authorized, for extension of time for payment, conditioned upon lapsing of the policy if payment is not made "as provided in the agreement."

The demurrer to the amended petition was properly sustained and the judgment of the trial court is affirmed.